United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN WINTER,

    Plaintiff,

  v.

CHEVY CHASE BANK, *et al.*,

    Defendants.
                                         /

No. C 09-3187 SI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

On October 23, 2009, the Court held a hearing on defendants' motions to dismiss plaintiff's complaint. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the complaint and GRANTS plaintiff leave to amend. If plaintiff chooses to amend the complaint, the amended complaint must be filed no later than **November 13, 2009**.

**BACKGROUND**

On June 18, 2009, plaintiff Gwendolyn Winter initiated an action in state court against defendants Chevy Chase Bank, FSB ("CCB"); Gabrielle Benedetto; U.S. Bank N.A. as Trustee for CCB Libor Series 2005-C Trust ("US Bank"); Mortgage Electronic Registration System, Inc. ("MERS"); as well as several unnamed defendants. Plaintiff alleged federal and state law claims related to the mortgage, mortgage default, foreclosure, and sale of plaintiff's primary residence.

The complaint alleges that in June 2005, plaintiff executed an adjustable-rate "Pay Option ARM" mortgage for $543,000 with defendant CCB—through defendant Benedetto, a loan officer— in order to fund the purchase of the property at 1415 Allman Street, Oakland, California 94602. Compl. ¶¶ 9, 13. The loan was secured by a first deed of trust that named defendant MERS as the beneficiary. *Id.* ¶ 57. The terms of the loan provided for an introductory interest rate of 1.25% and a variable interest

rate thereafter. *Id*. ¶ 13. The loan also had a negative amortization cap, "meaning that if the additional principal accruing as a result of making only the minimum payment reached" a specified limit of the initial loan value, "the monthly payments would be recalculated to call for fully amortized principal and interest payments over the remaining life of the loan." *Id*. ¶ 14. Around October 2007, after nearly two years of making the minimum loan payment of approximately $1,500, plaintiff reached the negative amortization cap, and her monthly loan payments increased to $4,243.98. Shortly thereafter, plaintiff defaulted on the loan. *Id*. ¶¶ 63-65. On June 5, 2008, the property was sold in a trustee sale to defendant US Bank.

Plaintiff filed suit against defendants in Alameda County Superior Court alleging negligence; breach of contract; breach of fiduciary duty; intentional infliction of emotional distress; fraud and misrepresentation; violations of state and federal lending laws; false advertising and unfair competition under federal and state law; and federal RICO violations. Compl. ¶¶ 77-118. Plaintiff seeks injunctive and declaratory relief, rescission of the loan, set aside of the trustee's sale, quiet title, an accounting of any debts owed by plaintiff, and punitive damages. *Id*. ¶ 119-140. The served defendants[1] timely removed the action to this Court. Defendants CCB and US Bank have filed a joint motion to dismiss, and defendant MERS has filed a separate motion to dismiss.[2]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Plaintiff must allege

---

[1] It appears from the docket that the remaining non-Doe defendant, Gabrielle Benedetto, has not been served with the complaint.

[2] For the most part, both motions are identical.

2

facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). When a motion to dismiss is based on running of the statute of limitations, the motion may only be granted if the "assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Leone v. Aetna Casualty & Surety Co.*, 599 F.2d 566 (3d Cir. 1979)).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I.     Negligence and negligence per se**

Plaintiff alleges that defendants CCB and Benedetto owed plaintiff a general duty of care to "properly perform due diligence as to the loans and related transactional issues," and that defendants CCB and MERS were duty bound "to properly carry out non-judicial foreclosure proceedings." Compl. ¶¶ 78, 80. Defendants argue that no duty was owed to plaintiff and that plaintiff cannot recover in negligence for purely economic loss.

Under California law, the elements of an action for negligence are the existence of duty, breach

3

of that duty, causation between the defendant's act or omission and the plaintiff's injuries, and damages. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001). "[P]arties to a contractual relationship, such as a mortgagor and mortgagee, cannot bring a tort claim [for negligence] unless a legal duty independent of the contract itself has been violated." *Gaitan v. Mortgage Electronic Registration Systems*, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *8 (C.D. Cal. Oct. 5, 2009) (citing *Freeman & Mills, Inc. v. Belcher Oil Co.*, 900 P.2d 669, 679-80 (1995)). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (1991).

Plaintiff has not alleged facts that would suggest defendants' actions exceeded their "conventional role as a mere lender of money." Due diligence—or even a lack thereof—and foreclosure upon default are both activities performed by typical mortgage lenders. *See Nymark*, 283 Cal. Rptr. at 57 (holding appraisal and diligence designed to protect lender's interests, and therefore not a duty owed to borrower). Moreover, plaintiff has failed to plead any facts supporting a claim for negligence per se, beyond listing a number of statutes and stating that "Plaintiff is among the class of persons [the statutes] were intended to protect." *See* Compl. ¶ 82. In any event, "an underlying claim of ordinary negligence must be viable before [negligence per se] can be employed." *Cal. Service Station and Auto. Repair Ass'n v. American Home Assurance Co.*, 73 Cal. Rptr. 2d 182, 190 (Cal. Ct. App. 1998). Without a valid claim for negligence, a claim for negligence per se cannot stand. Because plaintiff has failed to demonstrate a duty owed by defendants, plaintiff's claims for negligence and negligence per se are DISMISSED with leave to amend.

## II.     Breach of contract

Plaintiff alleges that defendants CCB, Benedetto, and MERS breached the express and implied terms of the written and oral agreements made between the parties, and also violated the covenant of good faith and fair dealing. The express breaches alleged appear to be defendants' breach of "the right of Plaintiff to enjoy the loyalty of Defendants"; their breach of plaintiff's "right to be informed of any assignment of [defendants'] obligations to a third party"; and their breach of plaintiff's right "concerning

4

1 how and when non-judicial foreclosure proceedings may be conducted." Compl. ¶ 85. Defendants
2 argue that the contractual "rights" about which plaintiff complains were not provided in the contract and
3 that the covenant of good faith and fair dealing is only applicable to the express terms of an agreement.

4 A claim for breach of contract under California law consists of the following elements: "(1) the
5 existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage
6 resulting from the breach." *First Comm. Mort. Co. v. Reece*, 89 Cal.App.4th 731, 108 Cal.Rptr.2d 23,
7 33 (2001). Defendants are correct that plaintiff has not identified any contractual provisions which were
8 allegedly breached, or exactly what the breaches were.

9 Plaintiff's claims for breach of the implied covenant of good faith and fair dealing fail for the
10 same reason. "The implied covenant of good faith and fair dealing rests upon the existence of some
11 specific contractual obligation." *Racine & Laramie, Ltd. v. Dep. of Parks & Rec.,* 14 Cal.Rptr.2d 335,
12 338 (Cal. Ct. App. 1993) (citing *Foley v. Interactive Data Corp.*, 765 P.2d 373 (1988)). The covenant
13 "is read into contracts in order to protect the express [terms] or promises of the contract, not to protect
14 some general public policy interest not directly tied to the contract's purpose." *Foley*, 765 P.2d at 394.
15 Plaintiff has failed to identify or allege how defendants injured the right of plaintiff to receive the
16 benefits of the contract. Thus, "the complaint's conclusory allegations fail to support a contractual
17 relationship upon which to base an alleged breach of the implied covenant of good faith and fair
18 dealing." *Phillips v. Mortgage Electronic Registration System*, No. 1:09-CV-01028-OWW-SMS, 2009
19 WL 3233865, at *8 (E.D. Cal. Oct. 2, 2009).

20 Because plaintiff has failed to sufficiently allege a claim for breach of contract or breach of the
21 implied covenant of good faith and fair dealing, plaintiff's claims are DISMISSED with leave to amend.
22 If plaintiff wishes to pursue these claims, the amended complaint shall specifically identify the contracts
23 at issue, who was a party to those contracts, and what contractual provisions were breached.

24

25 **III. Breach of fiduciary duty**

26 Plaintiff alleges that defendants CCB and Benedetto breached a fiduciary duty owed to plaintiff.
27 However, because it appears that plaintiff was in a borrower-lender relationship with defendants, the
28 relationship was not fiduciary in nature. Rather, a commercial lender is entitled to pursue its own

5

economic interests in a loan transaction, and therefore generally does not owe a fiduciary duty to its borrowers. *Nymark v. Heart Fed. Savings & Loan Ass'n.*, 283 Cal. Rptr. 53, 54 n.1 (Cal. Ct. App. 1991). As discussed above, plaintiff has alleged no facts suggesting defendants stepped beyond the traditional role as a money lender, and therefore, has not sufficiently pled a claim for breach of fiduciary duty. *See* discussion, *supra*.

### IV.   Intentional infliction of emotional distress

The elements of a claim for intentional infliction of emotional distress ("IIED") are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Cervantes v. J.C. Penny*, 595 P.2d 975, 983 (Cal. 1979). Extreme and outrageous conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 649 P.2d 894, 901 (Cal. 1982) (quoting *Cervantes*, 595 P.2d at 983)).

Plaintiff alleges that defendants' conduct, "driven . . . by profit at the expense of increasingly highly leveraged and vulnerable consumers," is "not to be tolerated by civilized society." Compl. ¶ 94. However, beyond a conclusory allegation that defendants' conduct should not be tolerated by a civilized society, plaintiff provides no facts or evidence in support of her IIED claim. For these reasons, plaintiff's claim for IIED is hereby DISMISSED with leave to amend. If plaintiff amends this claim, the amended complaint should also allege why the IIED claim is not untimely.

### V.   Fraud and misrepresentation

Plaintiff next alleges that defendants CCB, Benedetto, and MERS falsely represented that plaintiff could refinance the property on more favorable terms, that defendants were protecting plaintiff's financial interest, and that plaintiff's "actual income was irrelevant to the underwriting and/or loan approval process." Compl. ¶ 100. Plaintiff further alleges that CCB, Benedetto, and MERS concealed information concerning "defendants' close working relationship and compensation schemes that rewarded sales of high risk" loans; "information concerning securitization of plaintiff's loans" and

the possible effects of that securitization; "information concerning the false and misleading income information used to underwrite [p]laintiff's loans;" and various other generalized assertions. *Id*. ¶ 104. Defendants challenge plaintiff's fraud and misrepresentation claim on the ground that it is not pled with sufficient particularity.

Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (applying requirements of Rule 9(b) to state law fraud claim). "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place, and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud." *Coyotzi v. Countrywide fin. Corp.,* No. CV F 09-1036 LJO SMS, 2009 WL 2985497, at *11 (E.D. Cal. Sept. 16, 2009). Rather, "[p]laintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities[. . . M]ere conclusory allegations of fraud are insufficient." *Id.* Moreover, when allegations of fraud are made about multiple defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.,* 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 1427, 1433 (N.D. Cal. 1988))."

Plaintiff's complaint does not satisfy the particularity requirements of Rule 9(b). There are only conclusory allegations about defendants' conduct; the complaint does not identify who made the fraudulent statements or omissions, when those statements or omissions were made, and how those statements or omissions were, in fact, fraudulent. Moreover, the fraud allegations do not target specific defendants, and, generally speaking, "the complaint's global approach is unsatisfactory." *Coyotzi*, 2009 WL 2985497, at *11. For these reasons, plaintiff's claims for fraud and misrepresentation are hereby DISMISSED with leave to amend.

## VI. Violations of federal and state lending laws

Plaintiff's sixth cause of action alleges that defendants CCB, Benedetto, and MERS have "violated Cal. Civ. Code Section 1916.7, HOLA, TILA, HOEPA, RESPA, and Regulations X and Z

7

1 promulgated thereunder." Compl. ¶ 107. Plaintiff alleges that defendants have "fail[ed] to provide all
2 statutorily mandated disclosures required by these laws, engag[ed] in a pattern of marketing loans to
3 borrowers without regard to their ability to pay, and by paying yield spread premiums and other
4 unlawful compensation to brokers and loan officers." Compl. ¶ 107. Defendants argue that plaintiff
5 has failed to allege facts sufficient to state a claim under the listed statutes, and they also contend that
6 some of plaintiff's claims are time-barred. Plaintiff does not respond to any of defendants' specific
7 arguments.

8 As currently pled, the complaint fails to state a claim under federal or state lending laws. The
9 complaint simply lists in one paragraph various laws which govern the practice of mortgage lending and
10 generally alleges that defendants have violated these statutes. Plaintiff has not identified any specific
11 statutory provision that defendants have allegedly violated, nor has plaintiff alleged how defendants'
12 actions violated plaintiff's rights under these statutes. The Court GRANTS defendants' motions to
13 dismiss these claims with leave to amend. If plaintiff wishes to pursue any of these claims, the amended
14 complaint should (1) allege a separate cause of action for each statute, (2) specifically identify which
15 provisions of the statute were violated by defendant, with supporting factual allegations, and (3) allege
16 why plaintiff's claims are timely.[3]

### VII. False advertising and unfair competition

19 Plaintiff's seventh cause of action alleges that defendants CCB, Benedetto, and MERS have
20 "engaged in deceptive advertising and have committed a variety of unfair and unlawful business
21 practices" in violation of a variety of state and federal laws. Compl. ¶ 110. Defendants contend that
22 plaintiff has failed to allege any facts sufficient to constitute a cause of action. Again, plaintiff has
23 simply listed federal and state statutory schemes and, in conclusory fashion, alleged that defendants have
24 violated those statutes. Compl. ¶ 110. For these reasons, plaintiff's claim is hereby DISMISSED with
25 leave to amend.

---

[3] Defendants assert that there is no private right of action under HOLA. However, the citation provided for that proposition was incorrect, *see* CCB's motion at 13:1-2, and plaintiff does not address this issue in the opposition. If the amended complaint alleges a claim under HOLA, defendants may renew this contention with citation to proper authority.

8

## VIII. RICO

Plaintiff's eighth cause of action alleges civil violations of the Racketeer and Corrupt Practices Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*. Plaintiff alleges that "the Chevy Chase Predatory Lending Scheme," through a "shifting association of persons and entities," attempted to "originate as many mortgage loans as possible . . . in violation of numerous State and Federal Lending/Consumer Protection Laws," in an attempt to "conceal the nature, source, ownership or control of the proceeds of [the] scheme." Compl. ¶¶ 114, 116. Defendants argue that plaintiff has failed to allege an agreement that is a substantive violation of RICO, or that the defendants agreed to commit, or participated in, a violation of two predicate offenses.

A RICO claim requires a showing that "a pattern of racketeering activity" occurred. 18 U.S.C. § 1961; *see Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990). In order to establish the requisite activity, plaintiff "must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir.1993). Plaintiff has failed to either allege a substantive violation of RICO, or to sufficiently enumerate the predicate acts upon which plaintiff's RICO claim is based. *See* 18 U.S.C. § 1961(5). When a plaintiff alleges fraudulent acts as the predicate offenses upon which a RICO claim is based, as appears to be the case here, Fed. R. Civ. P. 9(b) "requires that circumstances constituting fraud be stated with particularity." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988). Because plaintiff's complaint does not contain specific allegations of fraud, let alone specific allegations of a "pattern" of fraudulent conduct, plaintiff's claim for civil RICO violations is hereby DISMISSED with leave to amend.

## IX.     Rescission

Plaintiff's eleventh cause of action seeks rescission of the mortgage. In support of her claim, plaintiff cites various sections of the California Civil Code governing rescission: Sections 1689, 1691, 1692. Compl. ¶ 129; *see* Cal. Civ. Code §§ 1689, 1691, 1692. Defendants contend that these allegations are insufficient because the complaint does not allege a factual basis for rescission. In

9

1 addition, defendant MERS contends that rescission is not available with regard to MERS because
2 plaintiff did not have a contract with MERS. Plaintiff does not respond to any of these specific
3 arguments.

4 The Court DISMISSES plaintiff's rescission claim with leave to amend. If plaintiff wishes to
5 pursue the remedy of rescission, the amended complaint shall allege the factual and legal grounds upon
6 which plaintiff is claiming a right to rescind, as well as the contracts at issue.

## X.  Quiet title

The complaint also seeks to set aside the trustee's sale and to quiet title to the property. Plaintiff alleges that the foreclosure was "without valid claim or right, and was a fraudulent transfer of title and fraudulent conveyance." Compl. at ¶ 131. The elements of a quiet title action are specified at Cal. Code Civ. Proc. § 761.020. Plaintiff is granted to leave to amend to allege these elements. Defendants' arguments about why plaintiff is not entitled to quiet title go beyond the pleadings and are premature at this stage in the litigation.

## XI.  Accounting and declaratory relief claims

Defendants move to dismiss these claims because they are derivative of substantive claims, and the complaint fails to state any substantive claims. If plaintiff amends the complaint, she may reallege claims for accounting and declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss and GRANTS plaintiff leave to amend. (Docket Nos. 3 & 7). If plaintiff wishes to amend the complaint, she must do so by **November 13, 2009**. **If the amended complaint references exhibits, plaintiff must file all of the exhibits, and the exhibits should be clearly identified.**

**IT IS SO ORDERED.**

Dated: October 26, 2009

SUSAN ILLSTON
United States District Judge